UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

B<small>UASHKFT</small> M<small>UHAMMED</small>,

    Plaintiff,

    v.

J<small>OHN</small> D<small>OE</small>,

    Defendant.
_____/

Case No. 21-cv-12641

U.S. D<small>ISTRICT</small> C<small>OURT</small> J<small>UDGE</small>
G<small>ERSHWIN</small> A. D<small>RAIN</small>

## **OPINION AND ORDER DISMISSING CASE WITHOUT PREJUDICE**

Plaintiff Buashkft Muhammed commenced this action on November 11, 2021, alleging an unknown party defrauded him of cryptocurrency online. *See* ECF No. 1. The next day, Plaintiff submitted his Amended Complaint. *See* ECF No. 3. According to Plaintiff's Amended Complaint, he owned cryptocurrency called "OHM" on the website "Olympusdao.finance" that issued the currency. *Id.* at PageID.8. Plaintiff visited a similar website called "Olympsdao.finance[,]" which "looked and worked exactly like the Olympusdao.finance website." *Id*. However, where "Olympusdao" transacted cryptocurrency, "Olympsdao" diverted it. *Id*. Plaintiff allegedly lost $180,000 after using the fraudulent site to transact his cryptocurrency. *Id*. at PageID.9.

To identify the alleged wrongdoer, Plaintiff sought a subpoena for the fraudulent website's internet service provider. ECF No. 4, PageID.10. This Court

granted Plaintiff's request in a December 16, 2021, order.  ECF No. 7, PageID.21. On March 25, 2022, the Court issued an Order to Show Cause as to why this case should not be dismissed for Plaintiff's failure to prosecute.  ECF No. 9, PageID.25. The Court warned Plaintiff that his failure to respond may result in his action's dismissal.  *Id.*

Five days later, Plaintiff submitted a two-page response to the Court's Show Cause Order.  ECF No. 10, PageID.27.  Plaintiff states he identified the person who defrauded him as Scetlana Harineko, who resides in Moscow, Russia.  *Id.*  It is unclear whether Ms. Harineko is the alleged wrongdoer's real name, or that she actually resides in Moscow.  *Id.*  Plaintiff "anticipated" he would "move to amend his Complaint to substitute Ms. Harineko as a Defendant" in this action.  *Id.*  He requested additional time to amend his Amended Complaint and obtain a new summons.  *Id.*  To date, Plaintiff has neither sought leave to amend his Amended Complaint, nor obtained a new summons.  He blames the ongoing conflict in Ukraine and sanctions on Russia for complicating his efforts at further investigating his claims.  *Id.*  For the reasons that follow, the Amended Complaint is summarily dismissed without prejudice.

Federal Rule of Civil Procedure 41(b) permits courts to dismiss complaints based on a plaintiff's failure to prosecute their claims.  *See Mulbah v. Detroit Bd. Of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001).  Local Rule 41.2 elaborates that when "the

parties have taken no action for a reasonable time, the Court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing … the case unless good cause is shown." E.D. Mich. L.R. 41.2.

The Court is not satisfied with Plaintiff's response to the Court's Order to Show Cause. Since March 30, 2022, Plaintiff has taken no steps towards prosecuting this case. It is also unclear whether or how Plaintiff intends to serve Ms. Harineko, as she purportedly lives in Russia. Plaintiff has made no indication of his intent to proceed with pursuing his claims since filing his response to the Court's Order to Show Cause. Accordingly, the Court will **DISMISS** Plaintiff's Amended Complaint without prejudice for failure to prosecute.

**IT IS SO ORDERED.**

Dated: July 22, 2022

/s/ Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 22, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager

3